## HATCH vs. BREWSTER.

There is nothing in the statutes of Connecticut relative to insolvent estates, making void transfers by debtors, of their property, when made in view of insolvency, to give the transferee a preference over other creditors of such debtor, and with knowledge on the part of the transferee, which makes such transfers absolutely and *per se* void. They are void only when made for the purpose of enabling the debtor in view of insolvency, to give the person receiving the same a preference over other creditors, and with the knowledge on the part of such person that the transfer was so made.

A defendant sued on a note which has been transferred by the holder to a creditor and setting up the defense that such transfer was void, under the statutes, must prove the fraudulent intent.

But even though a fraudulent intent to prefer, be specifically proved, such defendant cannot avail himself of such a defense. The provisions of the statute were intended for the benefit of the *creditors* of the insolvent. His *debtors* can take no advantage of them.

The purchaser of such a security has a *prima facie* right of recovery, on the production of it; and the maker, when sued thereon, cannot claim a verdict on the ground that it was not affirmatively proved that a former holder, to whom it had been pledged, neglected to demand payment of the pledgor, and to notify the latter of the sale.

The court will not presume that a transfer of a security was made in violation of the law. That is a fact, if it exists, to be shown in defense.

Illegality is never presumed. On the contrary, every thing must be presumed to have been legally done, until the contrary be proved.

THE complaint in this action was upon a promissory note given to the Bridgeport Fire and Marine Insurance Company, by the defendant, as a stockholder, and in part payment for stock in said company, for which he had subscribed. It was dated July 28, 1854, and given to said company for the purpose aforesaid, on or about that day. On or about September 28, 1857, this note was given to the firm of Hatch & Wade, of Bridgeport, as collateral security for a note to them by said company, and this note of the company was a renewal of a former note given by the company to Hatch & Wade, due September 28, 1857, for borrowed money. This note of the company was not paid, and in accordance with the agreement of the company transferring the note, it was advertised and sold at

auction and bought by the plaintiff. The name of the company was, in May, 1857, changed by the legislature of the state of Connecticut, to the "Bridgeport Insurance Company." This company afterwards became insolvent, and a trustee in insolvency was appointed. Notice of the time and place of the sale at auction of said note was given to *this trustee*, and either he or his attorney were present at the sale, perhaps both. It did not appear that the trustee, company or any person ever made any claim to the note; nor did it appear that any proceedings were ever taken by any person representing said company, or its stockholders or creditors, to recover said note, although all of the parties, except the defendant, were then at Bridgeport, and several years have elapsed since the insolvency of the company and the sale of the note. The company and its representatives and creditors have always acquiesced in the plaintiff's claim. At the time of the original loan to the company, and of the renewal, the plaintiff was a director in said company, and was also a partner in the firm of Hatch & Wade, who made the loan to the company.

There was no conflict of evidence as to the facts above stated, and no question made at the trial but that they were true. The making and delivering of the note; its proper transfer (so far as forms were concerned) to the plaintiff, and his holding and owning of it, were fully proved.

The plaintiff was nonsuited on the trial, upon the evidence on his own behalf alone, upon the ground that the transfer of this note to Hatch & Wade was fraudulent and void, because the company was insolvent at the time of the transfer, and Hatch was both a director in the company and a member of the firm of Hatch & Wade, who made the loan.

Judgment being entered in favor of the defendant, for costs, the plaintiff appealed.

*Birney, Prentiss & Flanders*, for the appellant.

*H. M. Ruggles*, for the respondent.

*By the Court,* CLERKE, P. J. The defendant, at the trial, relied on the statutes of Connecticut in relation to insolvent estates, and on the alleged fact that the pledgees to whom the Bridgeport Fire and Marine Insurance Company had transferred the note in question, as collateral security, had sold it previously to demand from the company of payment of the principal debt.

I. I can discover nothing in these statutes which makes such transfers absolutely and *per se* void. They are void only when they have been made for the purpose of enabling the debtor, in view of insolvency, to give the person receiving the same a preference over other creditors of such debtor, and with the knowledge on the part of such creditor that the transfer was so made. It was, therefore, necessary for the defendant to prove the fraudulent intent. Nothing of the kind was attempted. On the contrary, the plaintiff's counsel offered to prove that there was no such intent on the part of the insurance company, and that, at the time of the transfer, its officers did not know of its insolvency. These offers were disallowed. But, in my opinion, even if the fraudulent intent to prefer was specifically proved, the defendant could not avail himself of such a defence. The provisions to which I have referred were intended for the benefit of the creditors of the insolvent. His debtors can take no advantage of them. They are under an obligation, at all events, to pay their debts; and if the creditors choose, they can, at any time, question the right of the preferred claimant to his exclusive appropriation of them. The Connecticut statute, (*ch.* 512, § 1,) sets forth that all conveyances, &c. made by any person in failing circumstances, with a view to insolvency, shall, *as against the creditors* of the person making such conveyance, &c. be void, unless for the benefit of all the creditors equally. The defendant does not interpose a claim in the capacity of a creditor, but denies

Hatch *v.* Brewster.

his liability as a debtor by virtue of these provisions to insure equality to creditors.

II. In like manner, the defendant fails in his attempt to avail himself of an alleged want of a previous demand from the company of the payment of the original debt, and want of notice of the sale. No such defense is set up in the answer or proved at the trial; and, if it was, I doubt whether the defendant could take advantage of it. The purchaser of such a security has a *prima facie* right of recovery on the production of it; and the maker cannot claim a verdict on the ground that it was not affirmatively proved that the pledgee neglected to demand payment of the pledgor, and to notify the latter of the sale; and even if this omission was proved, the debtor, as I have said, cannot take advantage of it. This was an affair between the pledgor and the pledgee, or between the pledgee and the other creditors.

III. As to the objection that there was no proof of a previous resolution of the board of directors, authorizing the company to borrow money or pledge the property. The answer to this is, that nothing appears in the case to show that the laws of Connecticut require such a resolution; and even if they do, the court would not presume that the transfer had been made in violation of the law. This is a fact, if it exists, to be shown in defense. Illegality is never presumed. On the contrary, every thing must be presumed to have been legally done, until the contrary be proved. (*See Nelson* v. *Eaton*, 26 *N. Y. Rep.* 415.) And this, by the way, applies forcibly to the other objections of the defendant.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

[NEW YORK GENERAL TERM, January 4, 1869. *Clerke, Sutherland* and *Geo. G. Barnard,* Justices.]